J-S29015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIDNEY P. JONES | |
| Appellant | No. 1948 EDA 2016 |

Appeal from the PCRA Order May 27, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002714-2012

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED APRIL 19, 2017**

Sidney Jones appeals from the order, entered in the Court of Common Pleas of Delaware County, that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"). After review, we affirm.

On September 11, 2012, Jones was convicted of burglary, 18 Pa.C.S.A. § 3502(a)(1), graded as a felony of the first degree. On November 21, 2012, the trial court sentenced Jones to an aggregate sentence of nine to eighteen years' imprisonment followed by eight years' probation. Jones filed an appeal to this court on December 18, 2012, which affirmed his judgment of sentence on August 14, 2013. ***Commonwealth v.***

---

[*] Former Justice specially assigned to the Superior Court.

*Jones*, 83 A.3d 1064 (Pa. Super. 2013) (table).  On October 4, 2013, Jones filed, *pro se*, a petition for credit for time served while in custody prior to sentence, which the trial court denied on October 8, 2013.

Jones filed a timely PCRA petition on October 11, 2013.  On May 27, 2016, the PCRA court granted Jones relief on his claim that the trial court failed to award him credit for time served for the eight-month period preceding trial, but dismissed the PCRA petition as to all other claims.

Jones filed a timely notice of appeal on July 11, 2016, and in response to the PCRA court's order, he filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On October 20, 2016, the PCRA court issued its Rule 1925(a) opinion.  On appeal, Jones raises the following issue for our review:

> Was the trial court in error for denying the petition for post conviction relief alleging ineffectiveness of trial counsel as to sufficiently establishing that the residence in question was not inhabited at the time of the incident which would have changed the grading of the burglary and as a result the sentencing guidelines for said charge?

Brief of Appellant, at 4.

Jones claims that because the residence he burglarized was in violation of numerous building ordinances and "was not adapted for overnight accommodation of persons," the trial court should not have graded his offense a first-degree felony.  Brief of Appellant, at 9.  This Court rejected that argument on appeal.  *Jones*, 83 A.3d 1064.  Here, Jones attempts to

relitigate this specific issue by embedding it in an ineffective assistance of counsel claim.

A claim previously litigated on direct appeal is not cognizable under the PCRA. *See Commonwealth v. Spotz*, 47 A.3d 63, 101 (Pa. 2012). This Court has already determined "there was sufficient evidence for the trial court to conclude that the victim's residence was adapted for overnight accommodation." *Commonwealth v. Jones*, 2013 WL 11255511, at *3 (Pa. Super. Ct. Aug. 14, 2013) (citing *Commonwealth v. Graham*, 9 A.3d 196, 202 (Pa. 2010)) (structure must already be adapted for accommodation for first-degree felony grading to apply to burglary). We agree with the PCRA court that Jones has already litigated the issue before us, and cannot revive it by simply couching it in terms of counsel's ineffectiveness. Therefore, we are constrained to dismiss his claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2017